

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Rachelle M. Navarro*　　　　　　　　　　　*970 Broad Street, 7th floor*　　　　　*973-645-2721*
*Assistant United States Attorney*　　　　　*Newark, New Jersey 07102*

July 22, 2025

<u>**Via ECF**</u>

Honorable Edward S. Kiel
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey  08101

　　　　Re:　*United States v. Giraud Jr. and Giraud III* (24-cr-768)

Dear Judge Kiel:

　　　　The Government writes to advise the Court of two potential conflicts of interest in connection with the representation of Defendant Julien Giraud Jr. by Mr. Thomas Mirigliano, Esq. in the above-referenced matter.  Trial in this case is currently scheduled to begin on August 4, 2025.

*Factual Background Regarding Officer One*

　　　　In August 2024, Giraud Jr. hired new counsel, Thomas Mirigliano, Esq., to represent him in this matter.  Not long after, Mr. Mirigliano advised the Government of his prior representation of an Elizabeth Police Department officer ("Officer One") that the Government now anticipates will be a key witness in this case.  Specifically, the Government understands that, approximately ten years ago, Mr. Mirigliano represented Officer One in connection with the modification of a child support consent order.  It is the Government's understanding that Mr. Mirigliano advised Giraud Jr. of this prior representation around the same time he informed the Government of it.

*Factual Background Regarding Officer Two*

　　　　On July 16, 2025, during witness preparation of a second EPD officer ("Officer Two"), the Government learned for the first time that Mr. Mirigliano also represented Officer Two in connection with divorce proceedings in approximately 2018.  That same day, the Government informed Mr. Mirigliano that this individual would potentially be witness at trial.  The Government has no reason to believe that

Mr. Mirigliano was aware that Officer Two was going to be a witness at trial prior to that conversation.

*At Least the Potential Exists for Conflicts of Interest*

The Sixth Amendment guarantees defendants the right to conflict-free counsel. *United States v. Gambino*, 864 F.2d 1064, 1069 (3d Cir. 1988). A potential conflict of interest exists "if the interests of the defendant could place the attorney under inconsistent duties in the future." *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) (emphasis in original). An actual conflict of interest arises "'whenever an attorney's loyalties are divided.'" *United States v. Stewart*, 185 F.3d 112, 121 (3d Cir. 1999) (quoting *United States v. Moscony*, 927 F.2d 742, 750 (3d. Cir. 1991).

Mr. Mirigliano's prior representations of both Officer One and Officer Two create at least the *potential* for conflicts of interest in his current representation of Giraud Jr. If Officer One and Officer Two testify at either or both the upcoming *Franks* hearing or the trial, as the Government expects them to, Mr. Mirigliano is almost certainly going to cross-examine both officers, and there is the potential of risk that Mr. Mirigliano is limited in his cross-examination by his continuing duty to both Officer One and Officer Two as his former clients. *See* NJ RPC 1.7, 1.9(a) (describing a lawyer's duties to former clients). To provide a hypothetical: If Mr. Mirigliano learned personal details during either family-law related representation, Mr. Mirigliano would be prohibited by the Rules of Professional Conduct from using that information to cross-examine the officer in challenging their credibility even though such cross-examination may be in the best interest of Giraud Jr.[1]

Because of this risk for the potential of the conflict of interest (even if only potential), the Government raises this to the Court's attention out of an abundance of caution and respectfully requests that, prior to the *Franks* hearing currently scheduled for July 28, 2025, the Court conduct a short inquiry of Giraud Jr. to ensure that he understands the potential for this risk.

For such an inquiry, the Government recommends the following:

1) The Court make an initial inquiry of defense counsel inquiring generally regarding the prior representations of both officers.
2) The Court inquire of Giraud Jr. as to his understanding of the potential for the conflicts of interest.
3) The Court ask Giraud Jr. if he wishes to proceed with Mr. Mirigliano as his attorney, and if so, the Court should obtain a knowing and voluntary waiver of the conflict.

---

[1] The Government anticipates that it would object to any such line of questioning under both Federal Rule of Evidence 401 and 403.

- 2 -

- 3 -

4) The Court make specific findings of fact on the record as a result of conducting these two proceedings.

It is the Government's understanding that Mr. Mirigliano has fully discussed this with Giraud Jr. Thank you for your attention to this matter.

Respectfully submitted,

ALINA HABBA
United States Attorney

*/s/ Rachelle Navarro*

By: Rachelle M. Navarro
    Alison Thompson
    Assistant United States Attorneys

cc: Defense counsel (via ECF)